**United States District Court**
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SEP 1 9 2006

DAVID J. MALAND, CLERK
BY
DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:06cr18 |
| | § | (Judge Brown) |
| MANUEL LOPEZ-VASQUEZ | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 11, 2006 to determine whether the Defendant violated his supervised release. The Defendant was represented by Denise Benson. The Government was represented by Andrew Stover.

On June 22, 2000, the Defendant was sentenced by the Honorable Fred Biery of the Western District of Texas to 46 months custody followed by a 3 year term of supervised release for the offense of Illegal Reentry into the United States After Deportation. On April 15, 2003, Defendant completed his period of imprisonment. Defendant was deported on April 22, 2003 and began serving a 3 year term of non-reporting supervised release. Jurisdiction of the case was transferred to the Eastern District of Texas on February 1, 2006.

On or about November 28, 2005, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision. The petition asserted that Defendant violated the following conditions: (1) Defendant shall not commit another federal, state, or local crime; and (2) If Defendant is excluded, deported, or removed

upon release from imprisonment, Defendant shall not illegally reenter the United States.

The petition alleges that the Defendant committed the following acts: (1) On October 19, 2005, Defendant pled guilty to Count One of an Information charging him with Using a Communication Facility to Facilitate a Drug Trafficking Crime; and (2) At the time the offense was committed, Defendant was in the United States illegally.

Prior to the Government putting on its case, the Defendant entered a plea of true to all of the alleged violations. At the hearing, the Court recommended that the Defendant's supervised release be revoked.

## RECOMMENDATION

The Court recommends that the District Court revoke the Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-four (24) months, with no supervised release to follow. Pursuant to Defendant's request, the Court defers to the District Judge's determination at to whether Defendant's sentence should run consecutively to or concurrently with any other sentence imposed.

Signed this ___ day of July, 2006.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE